**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CHRIS CRAVEN, #1548044,** | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | 3:09-CV-1356-O |
| | ) | |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal Justice,** | ) | |
| **Correctional Institutions Division,** | ) | |
|     Respondent. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

    Type Case:  This is a petition for habeas corpus relief filed by a state prisoner pursuant to 28 U.S.C. § 2254.

    Parties:  Petitioner is currently confined at the Hutchins State Jail of the Texas Department of Criminal Justice – Correctional Institutions Division (TDCJ-CID) in Dallas, Texas. Respondent is the Director of TDCJ-CID. The court has not issued process, pending preliminary screening.

    Statement of the Case:  Petitioner pled guilty to theft of property pursuant to a plea bargain agreement in Criminal District Court Number 1 of Tarrant County, Texas, in Cause No. 1119086. (Petition (Pet.) at 2). On January 6, 2009, punishment was assessed at one-year

imprisonment in a state jail. (*Id.*). His direct appeal was dismissed because of the appeal waiver in the plea agreement.

In this action, filed on July 17, 2009, Petitioner seeks pre-sentence jail time credits. (Pet. ¶ 20).

Prior to filing this action, Petitioner filed a Motion for Judgment Nunc Pro Tunc in the convicting court on or about May 28, 2009, requesting that he be given a credit for the pre-sentence jail time he served. (Pet. at ¶ 11).

<u>Findings and Conclusions</u>: It is well settled that a state prisoner must exhaust all available state court habeas corpus remedies before a federal court will consider the merits of his claims. 28 U.S.C. § 2254(b) and (c). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982).

A motion for judgment nunc pro tunc is the appropriate remedy for seeking pre-sentence jail time credit before the expiration of the presumptive discharge date. *See Ex parte Ybarra*, 149 S.W.3d 147, 148 (Tex. Crim. App. 2004) (per curiam). "If the trial court fails to respond, [a]pplicant is first required to seek relief in the Court of Appeals, by way of petition for a writ of mandamus, unless there is a compelling reason not to do so." *Id.* at 149 (citing *Padilla v. McDaniel*, 122 S.W.3d 805 (Tex. Crim. App. 2003) (when the Texas Court of Criminal Appeals and a court of appeals have concurrent, original jurisdiction of a petition for writ of mandamus against the judge of a district or county court, the petition should be presented first to the court of appeals unless there is a compelling reason not to do so)).

A review of the petition reflects that Petitioner has not satisfied the exhaustion requirement. According to Petitioner, the motion for judgment nunc pro tunc was filed on May 28, 2009, approximately two months ago. While Petitioner recently submitted a petition for writ of mandamus to the Second Court of Appeals, that petition was filed and submitted to the court on July 23, 2009, only four days ago. *See In re Chris Craven*, No. 02-09-00243-CV (Tex. App. – Fort Worth). Accordingly, this petition for a writ of habeas corpus remains unexhausted and the same should be dismissed without prejudice to it being resubmitted after exhaustion of state court remedies. *See Rose v. Lundy*, *supra*.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DISMISSED without prejudice for failure to exhaust state court remedies. *See* Rule 4 of the Rules Governing § 2254 Cases.

A copy of this recommendation will be mailed to Petitioner.

Signed this 27th day of July, 2009.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE
In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.